**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1161-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARREN HALE,

    Defendant-Appellant.

_____

> Submitted October 2, 2018 – Decided  October 18, 2018
>
> Before Judges Gilson and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 05-02-0450.
>
> Jacobs & Barbone, PA, attorney for appellant (Louis M. Barbone and Daniel J. Solt, on the brief).
>
> Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an October 7, 2016 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

Defendant was arrested after the police responded to a report of an armed robbery at a liquor store. The police apprehended defendant and another individual after they fled the scene. The other individual implicated defendant in the liquor store robbery and two other robberies.

Defendant was indicted and charged with three counts of first-degree robbery, N.J.S.A. 2C:15-1; three counts of third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4; three counts of third-degree unlawful possession of a weapon, N.J.S.A 2C:39-5; three counts of third-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(a); and one count of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7.

Pursuant to a negotiated plea agreement, defendant pled guilty to two counts of first-degree robbery. In exchange for his guilty plea, the State recommended an aggregate eighteen-year term in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, to run concurrently with a separate sentence he was serving for an unrelated conviction. At the sentencing, the court considered the aggravating and mitigating factors and sentenced defendant in

accordance with the plea agreement and dismissed all remaining counts in the indictment.

Defendant did not appeal his conviction or sentence. Instead, nearly five years later he filed a PCR petition in which he maintained that his trial counsel was ineffective in failing to secure a reduced sentence for his cooperation in two unrelated homicides. The first PCR judge considered certifications of the parties, including defendant's trial counsel, and denied defendant's petition without an evidentiary hearing.

Defendant appealed and prior to oral argument the State produced correspondence between defendant's trial counsel and the prosecutor that raised a question as to the accuracy of the representations trial counsel made in his certification to the PCR court. Accordingly, we reversed and remanded and commented that in light of the State's disclosures, the "PCR court [might want] to . . . reconsider[] its original decision to deny defendant's petition without an evidentiary hearing." State v. Darren Hale, No. A-3154-12T1 (App. Div. December 3, 2014) (slip op. at 11). We "[did] not, however, direct the outcome either way and le[ft] it to the court's discretion." Ibid.

On remand, defendant renewed the arguments he made before the first PCR judge. A second PCR judge ordered an evidentiary hearing, which was

conducted by Judge Edward J. McBride. At the hearing, Judge McBride considered documentary evidence, supplemental briefing and took testimony from the prosecutor and investigator assigned to defendant's case, defendant's trial counsel and the investigator and prosecutor assigned to the homicide trial. The court found all of the witnesses credible.

Judge McBride rendered a written opinion and concluded that defendant satisfied the first prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 688 (1984) and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987), but failed to satisfy the second prong which required defendant to establish that trial counsel's deficient performance prejudiced him.

With respect to prong one, the court determined that trial counsel's "omissions . . . relating to the potential impact of . . . [d]efendant's cooperation in the prosecution of two murder cases were so deficient that they fell below the wide range of professionally competent assistance to which a defendant is constitutionally entitled." Judge McBride noted that trial counsel assisted in arranging for defendant to provide a taped statement, but did nothing beyond that rendering him unable to adequately advocate for defendant to receive a lesser sentence.

4

As to prong two, Judge McBride determined that defendant failed to prove that his trial counsel's ineffective assistance deprived him of a promised reduced sentence as there was "no evidence that such a promise was ever made." Further, the judge noted it was clear from the record that the prosecutor would not have given defendant consideration for any cooperation because he did not testify in the homicide case, as it resolved by plea agreement.

In addition, the judge explained that defendant received a favorable sentence as a result of his plea. Judge McBride noted that despite his long criminal history, including prior robbery convictions, defendant's sentence was "below the top of the first-degree range." Further, defendant's two robbery convictions ran concurrent to each other and to the sentence he was already serving. Finally, Judge McBride concluded that defendant was merely speculating that the sentencing court would have agreed to a lesser sentence had trial counsel informed the court of his cooperation and he failed to provide an assessment of what the lesser sentence would have been.

On appeal, defendant raises the following points:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT'S LEGAL CONCLUSION THAT DEFENDANT FAILED TO SATISFY THE PREJUDICIAL EFFECT

PRONG OF THE <u>STRICKLAND/FRITZ</u> TEST IS SUBJECT TO DE NOVO REVIEW.

POINT II

THE PCR COURT ERRED IN CONCLUDING DEFENDANT FAILED TO SATISFY THE PREJUDICE PRONG OF THE <u>STRICKLAND/FRITZ</u> TEST.

POINT III

THE POST-CONVICTION RELIEF COURT'S CREDIBILITY AND FACTUAL FINDING ARE NOT ENTITLED DEFERENCE BECAUSE THEY ARE NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE

We agree with defendant's first point, but find no merit to the contentions raised in his second and third points and therefore affirm substantially for the reasons stated by Judge McBride in his thirteen-page written decision of October 7, 2016. <u>R.</u> 2:11-3(e)(2). We agree with Judge McBride that the deficiencies of trial counsel failed to meet the prejudice prong of the <u>Strickland</u> test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1161-16T4